DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS-ST. JOHN

| | |
|---|---|
| **Flagstar Bank, FSB**, <br>         Plaintiff, <br> v. <br> **Peter R. Najawicz** and **Julie A. Najawicz**, a/k/a Julie Najawicz, <br>         Defendants. | No. 3:22-cv-00060 |

# Original Complaint

## Parties

1. This is an action for foreclosure of lien upon real property brought pursuant to V.I. Code Ann. tit. 28, §§ 531-38.

2. Plaintiff **Flagstar Bank, FSB** ("**Flagstar**") is a federally chartered savings bank organized under the laws of the state of Michigan with its principal place of business located at 5151 Corporate Drive, Troy, Michigan 48098 and is a citizen of Michigan for diversity purposes.

3. Defendant **Peter R. Najawicz** ("**Peter Najawicz**") is an individual and, upon information and belief, is a citizen of the U.S. Virgin Islands for diversity purposes.

4. Defendant **Julie A. Najawicz**, a/k/a Julie Najawicz ("**Julie Najawicz**") is an individual and, upon information and belief, is a citizen of the U.S. Virgin Islands for diversity purposes.

## Jurisdiction and Venue

5. This Court has subject-matter jurisdiction over this matter under 48 U.S.C. § 1612(a) and 28 U.S.C. §§ 1332 and 1348 as complete diversity exists between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000 exclusive of costs and fees.

6. This Court has personal jurisdiction over defendants who are domiciled or otherwise subject to service of process within the territorial limits of this Court.

7. Venue in the District of St. Thomas-St. John is proper under 28 U.S.C. § 1391(b) because the real property that is the subject of this action is located in that district.

## Facts

### The Property

8. At all times relevant to the origination of the mortgage loan that is the subject of this action, Peter Najawicz and Julie Najawicz held title to real property ("**Property**") described as:

> Parcel No. 38 Estate Bolongo, No. 3 Frenchman's Bay Quarter, St. Thomas, U.S. Virgin Islands, P.W.D. Map No. G9-2782-T78

alternatively described as:

> Parcel No. 38 Estate Bolongo
> No. 3 Frenchman's Bay Quarter
> St. Thomas, U.S. Virgin Islands
> consisting of approximately 0.70 acres, more or less
> as more fully described on P.W.D. Map No. D9-1518-T79

by means of a warranty deed as tenants by the entirety dated June 8, 2006, which was recorded in the Office of the Recorder of Deeds ("**Recorder**") for the District of St. Thomas-St. John on June 8, 2006, at Doc. No. 2006006465.

Original Complaint
*Flagstar Bank, FSB v. Peter R. Najawicz*, et al.
Page 3 of 7

### The Note

9. On June 4, 2008, Peter Najawicz and Julie Najawicz, jointly and severally, executed and delivered to Flagstar a promissory note ("**Note**") promising to pay the principal amount of $592,000.00, together with interest at the annual rate of 6.375%.

10. Pursuant to the terms of the Note, Peter Najawicz and Julie Najawicz agreed to make equal consecutive monthly installments of principal and interest in the amount of $3,693.31 beginning August 1, 2008, until all amounts are fully paid, but no later than July 1, 2038.

11. The Note further provides that any monthly payment that is not received by the end of 15 calendar days after the date that it is due shall be subject to a late fee that is calculated as 5.000% of any overdue payment of principal and interest.

### The Mortgage

12. To secure payment of the Note, Peter Najawicz and Julie Najawicz gave a first priority mortgage ("**Mortgage**") dated June 4, 2008, over the Property to Flagstar and Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Flagstar and its successors and assigns. The Mortgage was recorded with the Recorder on June 10, 2008, at Doc. No. 2008005937.

13. The Mortgage provides that Peter Najawicz and Julie Najawicz shall make all payments as required by the Note when due.

### The Mortgage Assignment

14. On or about April 20, 2011, MERS, for itself and as nominee for Flagstar, assigned its entire interest in the Property to Flagstar ("**MERS Assignment**"). The

Case: 3:22-cv-00060-WAL-GAT   Document #: 1   Filed: 09/29/22   Page 4 of 7

Original Complaint
*Flagstar Bank, FSB v. Peter R. Najawicz*, et al.
Page 4 of 7

MERS Assignment was recorded with the Recorder on May 3, 2011, at Doc. No. 2011003074.

15. All conditions precedent to the maintenance of this action have occurred, been performed, or been excused.

## Causes of Action

### Count One:  Foreclosure of Lien upon Real Property
### *(v. All Defendants)*

16. Flagstar realleges all the preceding paragraphs and incorporates them by reference.

17. Flagstar has actual possession of and ownership rights to the Note and Mortgage, thereby entitling it to maintain this foreclosure action.

18. On or about September 1, 2009, Peter Najawicz and Julie Najawicz defaulted under the terms and conditions of the Note, in that monthly installments of principal and interest became due under the Note and remained unpaid.

19. Likewise, Peter Najawicz and Julie Najawicz defaulted under the terms and conditions of the Mortgage, in that monthly installments of principal, interest, and other charges became due under the Note and Mortgage and remained unpaid.

20. Flagstar gave notice of default to Peter Najawicz and Julie Najawicz by correspondence dated July 21, 2022, advising them that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien.

21. To date, the default has not been cured and Peter Najawicz and Julie Najawicz remain in default under the terms of the Note and Mortgage, in that principal, accrued

interest, and other amounts due and owing to Flagstar under the Note remain unpaid and outstanding.

22. There is currently due and owing to Flagstar from Peter Najawicz and Julie Najawicz, jointly and severally, an unpaid principal balance, plus accrued interest, advances, expenses, fees, costs, and late charges.

23. In accordance with the terms of the Note and Mortgage, Flagstar has accelerated all unpaid principal and accrued interest currently outstanding under the Note and made them immediately due and payable.

24. Under the terms of the Mortgage, Flagstar is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with respect to the Property.

25. Under the terms of the Note and Mortgage, Flagstar is entitled to be reimbursed for reasonable attorneys' fees and other expenses that it incurs to enforce payment of the Note or incidental to foreclosure of the Property.

26. Flagstar is entitled to foreclosure of its lien upon the Property, foreclosure of all right, title, and interest in the Property held by Peter Najawicz and Julie Najawicz, the sale of the Property to satisfy the Note, and the recovery of any deficiency from Peter Najawicz and Julie Najawicz. 28 V.I.C. § 531.

## Prayer for Relief

WHEREFORE, Flagstar requests the following relief:

1. Judgment declaring that Peter Najawicz and Julie Najawicz, jointly and severally, defaulted under the terms of the Note to exercise all remedies provided for in that instrument;

Original Complaint
*Flagstar Bank, FSB v. Peter R. Najawicz*, et al.
Page 6 of 7

2. Judgment declaring that Peter Najawicz and Julie Najawicz defaulted under the terms of the Mortgage, thereby entitling Flagstar to exercise all remedies provided for in that instrument;

3. Judgment that Peter Najawicz and Julie Najawicz, jointly and severally, are indebted to Flagstar for unpaid principal due under the Note, plus accrued interest, per diem interest, advances, fees (including attorneys' fees), costs (including legal costs), and late charges;

4. Judgment for all additional interest, costs, expenses, and attorneys' fees that Flagstar incurs as the result of the breach of the Note and Mortgage, whether accruing during the pendency of this matter or otherwise;

5. Judgment foreclosing the Mortgage lien of Flagstar;

6. Judgment ordering that the Property be sold and that Flagstar be paid from the proceeds of the sale all amounts due on the Note, including but not limited to any sums that Flagstar may pay for insurance premiums, taxes, or other charges with respect to the Property either prior to or during the pendency of this action, with interest from the date of payment;

7. Judgment declaring that Peter Najawicz and Julie Najawicz and all persons claiming from and under them are barred and forever foreclosed of all right, title lien, claim, and equity of redemption in and to the Property, subject only to the statutory right of redemption except where waived and released;

8. Judgment against Peter Najawicz and Julie Najawicz, jointly and severally, for any deficiency that may remain after the sale of the Property;

9. An order appointing a receiver, if requested by Flagstar, to collect and receive the rents and profits of the Property, if any, during the pendency of this action; and

10. Judgment awarding Flagstar such other and further relief as is just and equitable.

///

///

///

///

///

///

Original Complaint
*Flagstar Bank, FSB v. Peter R. Najawicz*, et al.
Page 7 of 7

                                                      Respectfully submitted,

Dated: September 29, 2022        /s/ A.J. STONE III, ESQ.
                                                      A.J. Stone III, Esq.
                                                      V.I. Bar No. 823
                                                      BOLTNAGI PC
                                                      Merchants Financial Center
                                                      4608 Tutu Park Mall, Ste. 202
                                                      St. Thomas, VI 00802-1816
                                                      (340) 774-2944 Telephone
                                                      (340) 776-1639 Facsimile
                                                      ajstone@vilaw.com

                                                      Attorneys for Plaintiff
                                                      Flagstar Bank, FSB