DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS-ST. JOHN

| | |
|---|---|
| **Flagstar Bank, NA,** <br> Plaintiff, <br> v. <br> **Peter R. Najawicz** and **Julie A. Najawicz**, a/k/a Julie Najawicz, <br> Defendants. | No. 3:22-cv-00060 |

State of __Utah__ )
County of __Salt Lake__ )

# Declaration of Amounts Due in Support of Motion for Entry of Consent Judgment

The following Declaration is made pursuant to 28 U.S.C. § 1746.

1.  I am an officer of Select Portfolio Servicing, Inc. ("**SPS**"), successor-in-interest to Plaintiff Flagstar Bank NA in the above-captioned cause of action. As such, I am authorized to execute this declaration.

2.  As a mortgage servicer, SPS collects payments from borrowers and maintains up-to-date electronic records concerning the loans it services in its electronic record-keeping system. I have access to SPS's business records, including the business records for and relating to the subject loan. I make this affidavit: based upon my review of those records relating to the Borrower(s)'s loan and from my own personal knowledge of how the records are kept and maintained. The loan records are maintained by SPS in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information

22085.1422

Declaration of Amounts Due in Support of Motion for Entry of Consent Judgment
*Flagstar Bank, NA v. Peter Najawicz*, et al., No. 3:22-cv-00060
Page 2 of 7

transmitted by a person with personal knowledge. It is the regular practice to keep such records in the ordinary course of a regularly conducted business activity.

3. To the extent that the business records of the loan in this matter were created by a prior servicer, the prior servicer's records for the loan were incorporated and boarded into SPS's systems, such that the prior servicer's records concerning the loan are now part of SPS's business records. SPS conducts quality control and verification of the information received from the prior servicer as part of the boarding process to ensure the accuracy of the boarded records. It is the regular practice of SPS to incorporate prior servicers' records into SPS's business records, and SPS routinely relies upon the accuracy of those boarded records in providing its loan servicing functions. These prior servicer records are integrated and relied upon by SPS as part of SPS's business records.

4. In connection with making this declaration, I have acquired personal knowledge of the matters stated herein by personally examining the business records pertaining to the subject loan.

## Note

5. The Borrowers signed a promissory note ("**Note**") dated June 4, 2008, for a loan in the principal sum of $592,000.00 in favor of the original lender, Flagstar Bank, FSB ("**Flagstar**"). I have reviewed the copy of the Note attached to this Declaration as **Exhibit 1**, and have confirmed that it is a true and correct copy of the original Note.

6. Under the terms of the Note, monthly payments of principal and interest in the amount of $3,693.31 are due on the first day of each month beginning on August 1, 2008;

Declaration of Amounts Due in Support of Motion for Entry of Consent Judgment
*Flagstar Bank, NA v. Peter Najawicz*, et al., No. 3:22-cv-00060
Page 3 of 7

and interest accrues at the annual rate of 6.375%, with interest continuing to accrue daily at the rate set forth below.

7. My review of SPS's records reveals that Flagstar had possession of the original Note when it commenced the instant foreclosure action. SPS has possession and/or rights of possession of the original Note as of the date of this Declaration.

## Mortgage & Assignment of Mortgage

8. To secure the Note, Borrowers granted a security interest in the subject property and signed a mortgage ("**Mortgage**") dated June 4, 2008. A true and correct copy of the publicly recorded Mortgage is attached to this Declaration as **Exhibit 2**. The Mortgage was assigned to Flagstar by assignment dated April 20, 2011, and recorded on May 3, 2011; and Flagstar subsequently assigned the Mortgage to SPS by assignment dated January 3, 2025, and recorded on January 8, 2025. True and correct copies of the assignments are attached collectively as **Exhibit 2A**.

## Default

9. My review of SPS's records reveals that Borrowers failed to make the payment that was due for September 1, 2009, and all payments that were due thereafter.

10. My review of SPS's records reveals that a notice of default, dated July 21, 2022, was mailed to the Borrowers. A copy of the notice of default is attached hereto as **Exhibit 3**.

11. The Notice of Default advised the Borrowers that their failure to cure the default would result in acceleration of the loan debt and foreclosure of the Mortgage.

12. The Borrowers failed to cure their default; and as permitted by the Mortgage, Flagstar accelerated all amounts due under the Note for immediate payment.

Declaration of Amounts Due in Support of Motion for Entry of Consent Judgment
*Flagstar Bank, NA v. Peter Najawicz*, et al., No. 3:22-cv-00060
Page 4 of 7

## Total Amount Due

13. As of May 2, 2025, the balance due under the terms of the Note and Mortgage at issue in this action is calculated as follows:

| | |
|---|---:|
| Principal Balance | $584,640.28 |
| Deferred Principal Balance* | $0.00 |
| Interest good through 6/1/2025 | $590,121.00 |
| Pro Rata Mortgage Insurance | $0.00 |
| Escrow Advance | $226,110.43 |
| Advances made on the Defendants' behalf | $0.00 |
| Late Charges | $0.00 |
| NSF Charges | $0.00 |
| Interest on Advance | $0.00 |
| Suspense Balance | $0.00 |
| **Total Amount Due:** | **$1,400,871.71** |

*Non-Interest Bearing

The current interest rate is 6.375%. Per diem interest in the amount of $102.11 will accrue on the principal unless there is an interest rate change as set forth in the note. The aforementioned per diem interest will then accrue on the principal until the next interest rate change date and accrue thereafter in accordance with the variable rate as set forth in the note. Business records supporting the above-referenced account data are attached as **Exhibit 4**.

14. The "Escrow Advance" breakdown for property taxes and hazard insurance is calculated as follows:

| Date | Description | Amount |
|---|---|---:|
| 4/2/2025 | Hazard insurance | $808.25 |
| 2/19/2025 | Hazard insurance | $3,233.00 |
| 11/22/2024 | Hazard Insurance refund | -$7,303.00 |
| 9/6/2024 | Hazard insurance | $9,699.00 |
| 8/9/2024 | Property taxes | $1,200.37 |
| 9/7/2023 | Hazard insurance | $9,626.00 |
| 8/17/2023 | Property taxes | $1,200.37 |
| 12/12/2022 | Hazard insurance | $9,744.00 |
| 9/7/2022 | Hazard Insurance refund | -$13,169.99 |

Declaration of Amounts Due in Support of Motion for Entry of Consent Judgment
*Flagstar Bank, NA v. Peter Najawicz*, et al., No. 3:22-cv-00060
Page 5 of 7

| Date | Description | Amount |
|---|---|---|
| 9/1/2022 | Property taxes | $1,200.37 |
| 8/1/2022 | Hazard insurance | $14,660.60 |
| 8/19/2021 | Property taxes | $1,200.37 |
| 7/30/2021 | Hazard insurance | $14,660.60 |
| 8/12/2020 | Property taxes | $1,200.37 |
| 7/30/2020 | Hazard insurance | $14,610.60 |
| 9/20/2019 | Property taxes | $1,200.37 |
| 8/20/2019 | Hazard insurance | $14,610.60 |
| 4/1/2019 | Interest | -$1.44 |
| 3/1/2019 | Interest | -$1.49 |
| 2/2/2019 | Interest | -$1.65 |
| 1/2/2019 | Interest | -$1.65 |
| 12/4/2018 | Interest | -$1.60 |
| 11/2/2018 | Interest | -$1.65 |
| 10/3/2018 | Hazard insurance | $14,311.41 |
| 10/1/2018 | Interest | -$1.60 |
| 9/12/2018 | Property taxes | $928.55 |
| 9/5/2018 | Interest | -$2.18 |
| 8/2/2018 | Interest | -$2.20 |
| 7/3/2018 | Interest | -$2.13 |
| 6/2/2018 | Interest | -$2.20 |
| 5/2/2018 | Interest | -$2.13 |
| 4/3/2018 | Interest | -$2.20 |
| 3/2/2018 | Interest | -$1.99 |
| 2/2/2018 | Interest | -$1.92 |
| 8/4/2017 | Hazard insurance | $11,927.10 |
| 7/31/2017 | Property taxes | $1,200.37 |
| 9/1/2016 | Property taxes | $1,200.37 |
| 9/10/2015 | Property taxes | $1,140.35 |
| 8/10/2016 | Hazard insurance | $11,927.10 |
| 8/5/2015 | Hazard insurance | $11,953.75 |
| 6/22/2015 | Miscellaneous credit | -$333.70 |
| 3/16/2015 | Property taxes | $1,140.35 |
| 9/17/2014 | Property taxes | $1,140.35 |
| 9/4/2014 | Hazard insurance | $14,942.65 |
| 9/18/2013 | Miscellaneous credit | -$88.49 |
| 8/7/2013 | Hazard insurance | $13,614.42 |
| 7/31/2013 | Property taxes | $1,769.75 |
| 3/12/2013 | Property taxes | $1,681.26 |
| 8/8/2012 | Hazard insurance | $13,614.42 |

Declaration of Amounts Due in Support of Motion for Entry of Consent Judgment
*Flagstar Bank, NA v. Peter Najawicz,* et al., No. 3:22-cv-00060
Page 6 of 7

| Date | Description | Amount |
|---|---|---|
| 7/10/2012 | Property taxes | $1,681.26 |
| 3/8/2012 | Property taxes | $1,681.26 |
| 8/4/2011 | Hazard insurance | $13,689.42 |
| 7/29/2011 | Property taxes | $1,681.26 |
| 4/18/2011 | Property taxes | $1,769.75 |
| 2/3/2011 | Hazard insurance | $13,689.42 |
| 11/1/2011 | Hazard Insurance refund | -$12,371.55 |
| 9/24/2010 | Property taxes | $1,769.75 |
| 7/26/2010 | Hazard insurance | $12,371.55 |
| 8/9/2009 | Miscellaneous credit | -$165.44 |
| 8/6/2009 | Miscellaneous credit | -$1,237.31 |
| 8/4/2009 | Hazard insurance | $12,371.55 |
| 8/4/2009 | Escrow opening balance | -$1,244.35 |
| | **Total Escrow Advances:** | **$226,110.43** |

15. The Note and Security Instrument provides that in the event of foreclosure, reasonable attorneys' fees and costs may be awarded. (*See* Ex. 1 at 2 ¶ 6(E) & Ex. 2 at 8 ¶¶ 22 & 24.) These fees and costs are in addition to the amounts stated above.

16. Based on the foregoing, SPS has the right to foreclose.

**I swear under penalties of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746(2), which authorizes the making of sworn statements without the signature of a notary.**

Select Portfolio Servicing, Inc. as Attorney in Fact

By: *[signature]*
Name: Cynthia May
Title: Document Control Officer
Select Portfolio Servicing, Inc., as successor-in-interest to Plaintiff Flagstar Bank, NA
Date: 5.7.2025

Declaration of Amounts Due in Support of Motion for Entry of Consent Judgment
*Flagstar Bank, NA v. Peter Najawicz*, et al., No. 3:22-cv-00060
Page 7 of 7

# Certificate of Service

**IT IS HEREBY CERTIFIED** that on the date below, the undersigned served a true and exact copy of the foregoing on the following parties or counsel, either through Notice of Electronic Filing ("**NEF**") or by the method indicated below pursuant to LRCi 5.4.9 and Fed. R. Civ. P. 5(b).

**VIA NEF:**

Kye Walker, Esq.
The Walker Legal Group
2201 Church Street, Ste. #16AB, 2nd Floor
Christiansted, St. Croix
U.S. Virgin Islands 00820
kye@thewalkerlegalgroup.com

Date:  June 30, 2025

/s/ A.J. STONE III, ESQ.
A.J. Stone III, Esq.
V.I. Bar No. 823
BOLTNAGI PC
Merchants Financial Center
4608 Tutu Park Mall, Ste. 202
St. Thomas, VI  00802-1816
(340) 774-2944 Telephone
(340) 776-1639 Facsimile
aj.stone@vilaw.com